No. 73–1746. JOHNSON *v.* OHIO. Ct. App. Ohio, Clark County. Certiorari denied.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL concur, dissenting.

Approximately one month after pleading guilty, petitioner sought to vacate her plea on the ground that she had not been adequately advised of the rights thereby waived. The record shows that before accepting petitioner's plea the trial judge advised her of her right to be tried by a jury and to confront witnesses against her. Petitioner's motion was denied by the trial court and the Ohio Court of Appeals affirmed.

In *Boykin* v. *Alabama,* 395 U. S. 238, 243 (1969), we emphasized that a guilty plea is a waiver of important constitutional rights designed to protect the fairness of a trial:

> "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial.  First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth.  *Malloy* v. *Hogan,* 378 U. S. 1.  Second, is the right to trial by jury.  *Duncan* v. *Louisiana,* 391 U. S. 145.  Third, is the right to confront one's accusers.  *Pointer* v. *Texas,* 380 U. S. 400.  We cannot presume a waiver of these three important federal rights from a silent record."

Waiver of such rights as these can be accomplished only by "an intentional relinquishment or abandonment of a known right or privilege," *Johnson* v. *Zerbst,* 304 U. S. 458, 464 (1938).  Only recently we reaffirmed the stringent standard for demonstrating the waiver of rights designed to safeguard the accused at trial, *Schneckloth* v. *Bustamonte,* 412 U. S. 218, 236–237 (1973).

The accused can waive only a *known* right, *Johnson* v. *Zerbst, supra,* and the State has the burden of demonstrating a knowing waiver.  To repeat what we said in *Boykin,* "[w]e cannot presume a waiver . . . from a silent record."  *Boykin* established that the State must demonstrate the defendant's knowing waiver of the three constitutional rights there enumerated.  Two States have so interpreted *Boykin* as a constitutional minimum.  *People* v. *Jaworski,* 387 Mich. 21, 194 N. W. 2d 868 (1972); *In re Tahl,* 1 Cal. 3d 122, 460 P. 2d 449 (1969).  The record here fails to satisfy even this minimum standard, for the

trial judge failed to advert to the privilege against self-incrimination.

The *Boykin* enumeration was illustrative, not exhaustive. The necessity that one be found guilty beyond a reasonable doubt (*In re Winship,* 397 U. S. 358 (1970)) and the right to a speedy trial (*Barker* v. *Wingo,* 407 U. S. 514 (1972)) are likewise involved. Ohio seems to recognize the need to accommodate constitutional rights other than the three mentioned in *Boykin,* since its own Supreme Court has held that a trial judge must advise the defendant of his right to be proved guilty beyond a reasonable doubt before accepting a guilty plea. *State* v. *Griffey,* 35 Ohio St. 2d 101, 298 N. E. 2d 603 (1973). Yet the record here fails even to meet this standard.

Since the Court has now held that a guilty plea forecloses constitutional challenge to the process that brought the defendant to the bar, *Tollett* v. *Henderson,* 411 U. S. 258 (1973), strict scrutiny over the standards for acceptance of the plea becomes all the more imperative. I would grant certiorari.