In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1323

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

STACY LEE HARDEN, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:11-cr-30238-DRH-1 — **David R. Herndon**, *Chief Judge.*

ARGUED APRIL 1, 2014 — DECIDED JULY 14, 2014

Before TINDER and HAMILTON, *Circuit Judges,* and
KAPALA, *District Judge.* \*

TINDER, *Circuit Judge.* Pursuant to a written plea agree-
ment, Defendant-Appellant Stacy Lee Harden pled guilty to
possession with the intent to distribute cocaine. With Hard-
en's consent, the district court instructed a magistrate judge

---

\* Of the United States District Court for the Northern District of Illinois,
sitting by designation.

to conduct a Federal Rule of Criminal Procedure 11 plea colloquy under a local rule allowing for magistrate judges to accept felony guilty pleas. The magistrate judge accepted Harden's guilty plea, and the district court then conducted a sentencing hearing and imposed sentence. Harden now appeals the magistrate judge's acceptance of his guilty plea, arguing that the magistrate judge's acceptance of a felony guilty plea, instead of preparing a report and recommendation to the district court, was a violation of the Federal Magistrates Act, 28 U.S.C. § 636; Rule 59 of the Federal Rules of Criminal Procedure; and the United States Constitution.

## I

Harden was indicted and charged with possession with the intent to distribute at least 5 kilograms of cocaine. At his arraignment, he pled not guilty, but he later changed his plea in accordance with a written plea agreement that, *inter alia*, specified that Harden was waiving his rights of appeal and collateral attack, except as to the reasonableness of his sentence should the district judge exceed the guidelines range. Harden, his counsel, and the prosecutor also signed a Notice Regarding Entry of Plea of Guilty, consenting to the magistrate judge conducting the Rule 11 proceedings and accepting the guilty plea.

The plea colloquy was conducted by a magistrate judge, pursuant to Local Rule 72.1(b) of the United States District Court for the Southern District of Illinois, which provides that "[w]ith the consent of the parties, a magistrate judge is authorized to: (1) conduct voir dire and select petit juries for the District Court; (2) accept guilty pleas in felony cases, order presentence investigation reports, and file reports and recommendations with the District Court." Prior to the col-

loquy, the magistrate judge asked if the parties consented to him taking the guilty plea, and both parties answered affirmatively. Specifically, the magistrate judge asked Harden, "You understand that by signing this waiver and consent, if I accept your plea today you don't have any right to later come back and complain that your plea wasn't taken by [the district court judge]?" Harden answered, "Yes, sir." No party contends that the content of the rest of the colloquy was defective.

After Harden admitted his guilt, the magistrate judge stated that "I will accept your plea. However, pursuant to Section 6B1.1(c) of the guidelines, [the district court judge] will defer any decision to accept or reject the Plea Agreement between you and the government until after he has had an opportunity to consider the presentence report." After the completion of the presentence report, the district court conducted a sentencing hearing and made several findings adverse to Harden, then imposed a sentence within the guidelines range. The Defendant-Appellant filed a timely appeal, attacking the validity of the magistrate judge's acceptance of the guilty plea.

## II

The Federal Magistrates Act, 28 U.S.C. § 636 ("FMA" or "Magistrates Act"), defines the scope of the duties that United States magistrate judges are permitted to undertake. The FMA lists three types of duties for magistrate judges. They may undertake certain enumerated tasks without the parties' consent, such as enter a sentence for a petty offense, or hear and determine certain pretrial matters pending before the court. 28 U.S.C. § 636(a)(4), (b)(1)(A). They are permitted to perform other enumerated duties, such as presiding over

misdemeanor trials, only with the litigants' consent. 28 U.S.C. § 636(a)(3); 18 U.S.C. § 3401(b). And they are permitted to undertake "such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3).

The Supreme Court has explained that whether a duty not listed in the statute qualifies as a permissible additional duty depends on whether the duty is "comparable" to those that are actually listed in the Act. *Peretz v. United States*, 501 U.S. 923, 931–933 (1991). If an unlisted duty is comparable to those duties listed in the Act, that duty may be performed by the magistrate judge with the parties' consent. *Id.* at 933. The basis for comparison is "responsibility and importance": in *Peretz*, the Court concluded that a magistrate judge may oversee jury selection in a felony case with the parties' consent, because "with the parties' consent, a district judge may delegate to a magistrate supervision of entire civil and misdemeanor trials," and "[t]hese duties are comparable in responsibility and importance to presiding over *voir dire* at trial." *Id.*

The acceptance of a guilty plea in a felony case is not a described power or duty, so we must interpret the "additional duties" clause of the statute to determine whether the Act permits magistrate judges to discharge that function, even with the consent of the defendant and the government. Based on the statute and the Supreme Court decisions limning the limits of federal magistrates' authority, we determine that magistrates are not permitted to accept guilty pleas in felony cases and adjudge a defendant guilty. The task of accepting a guilty plea is a task too important to be considered a mere "additional duty" permitted under § 636(b)(3): it is

more important than the supervision of a civil or misde-meanor trial, or presiding over *voir dire.* Because of this im-portance, the additional duties clause cannot be stretched to reach acceptance of felony guilty pleas, even with a defend-ant's consent.

"[A] guilty plea is a waiver of important constitutional rights designed to protect the fairness of a trial." *Johnson v. Ohio*, 419 U.S. 924, 925 (1974). It is "more than an admission of past conduct: it is the defendant's consent that judgment of conviction may be entered without a trial—a waiver of his right to trial before a jury or judge." *Brady v. United States*, 397 U.S. 742, 748 (1970). In addition to waiving these core rights and protections afforded by our system of criminal justice, defendants often waive their appellate and habeas corpus rights as well. In such cases, accepting a guilty plea is even more final than a guilty verdict. Consequently, when a judge accepts a guilty plea, the judge is required to conduct a long, searching colloquy, as required by Federal Rule of Criminal Procedure 11(b), to ensure that the defendant's waivers of his important rights are "voluntary … knowing, intelligent acts done with sufficient awareness of the rele-vant circumstances and likely consequences." *Brady*, 397 U.S. at 748. Among the determinations to be made are

- whether the defendant is competent;
- whether the defendant is making a voluntary choice to plead guilty;
- whether the defendant understands the charges and penalties he faces;
- whether the defendant understands the many consti-tutional rights he relinquishes;

- whether the defendant understands the terms of any plea agreement;
- and whether there is a legal and factual basis for the guilty plea, and thus good reason to believe the defendant actually committed a charged crime.

The answers to these questions are critical to ensuring that a guilty plea is valid. If the judge cannot answer all of these questions in the affirmative, the guilty plea cannot be accepted. Any district judge who has been on the bench more than a few years will have experienced plea colloquies in which the answers were not all yes. The questions are not hard to ask, but their answers are weighted with importance.

Once a defendant's guilty plea is accepted, the prosecution is at the same stage as if a jury had just returned a verdict of guilty after a trial. Unlike the preliminary nature of *voir dire*—which is an important, but preliminary, juncture that will be followed by numerous other substantive opportunities to contest the government's evidence, case, and conduct before any determination of guilt—the acceptance of a guilty plea is dispositive. It results in a final and consequential shift in the defendant's status. For this reason, the acceptance of the guilty plea is quite similar in importance to the conducting of a felony trial. And it is clear that a magistrate judge is not permitted to conduct a felony trial, even with the consent of the parties. The Supreme Court so reasoned using a canon of statutory interpretation that gives significance to the careful contours of the authority granted to magistrates in the Magistrates Act: *Expressio unius est exclusio alterius. Gomez v. United States*, 490 U.S. 858, 872 (1989) ("[T]he carefully defined grant of authority to conduct trials of civil matters and of minor criminal cases should be con-

strued as an implicit withholding of the authority to preside at a felony trial.").

That same limiting principle leads us to our conclusion that the acceptance of a guilty plea in a felony case, a task no less important, is also not authorized by the statute. In accepting Harden's guilty plea, even with his consent, the magistrate judge violated the Federal Magistrates Act.

### III

The government correctly notes that Harden did not object to the magistrate's acceptance of his guilty plea before the district court. In fact, Harden affirmatively consented to the magistrate judge's acceptance of the plea, in his written plea agreement, and in person at the plea colloquy. The government argues that based on these facts, Harden waived his objection to the magistrate's acceptance of the plea. *See United States v. Knox*, 540 F.3d 708, 713 (7th Cir. 2008) ("Conventionally, a waiver is a knowing and intentional relinquishment of a right, while forfeiture is the result of unintentional relinquishment. Waiver precludes review, whereas forfeiture permits review for plain error.") (citations omitted). Even if we consider Harden's actions to constitute forfeiture rather than waiver, the government argues that Harden is not entitled to relief because he cannot point to any prejudice that resulted from the magistrate's acceptance of the guilty plea.

However, neither Harden's consent nor the lack of harm to him is dispositive in this case. "As a general matter, of course, a litigant must raise all issues and objections at trial," but this requirement is not "absolute." *Peretz*, 501 U.S. at 953 (Scalia, J., dissenting). A pertinent example is *Peretz* itself, where the Court undertook a substantive review of the stat-

ute despite the fact that the defendant had consented to have a magistrate judge conduct the jury selection for his felony trial. 501 U.S. at 932–36. The majority ultimately concluded that § 636(b) permits this practice, but the Court did not sidestep review.

Moreover, the Supreme Court teaches that when a federal judge or tribunal performs an act of consequence that Congress has not authorized, reversal on appeal may be appropriate even if the defendant has waived the issue or otherwise consented, even if the judge has done a superb job on the merits and even if the defendant cannot show prejudice or harm. *See Rivera v. Illinois*, 556 U.S. 148, 161 (2009) (identifying as a category of cases that merit "automatic reversal" cases "in which federal judges or tribunals lacked statutory authority to adjudicate the controversy"). For example, in *Nguyen v. United States*, 539 U.S. 69 (2003), an Article IV territorial judge sat by designation on a Ninth Circuit panel that affirmed a number of criminal convictions on appeal. The defendant in that case did not object to the presence of the Article IV judge during the proceedings before the Ninth Circuit, but thereafter sought the Supreme Court's review regarding whether the judgment was invalid because of the composition of the panel. 539 U.S. at 73. The Supreme Court vacated the appellate judgments and remanded to the Ninth Circuit. The fact that "the defect was not raised in a timely manner" did not stop the court from reviewing the potential statutory violation, because the statutory provision in question "embodies a strong policy concerning the proper administration of judicial business." *Id.* at 78 (citing *Glidden Co. v. Zdanok*, 370 U.S. 530, 536 (1962)). The Court even contemplated situations in which explicit consent was given, like in Harden's case, and stated that that reversal would have been

proper "[e]ven if the parties had *expressly* stipulated to the participation of a non-Article III judge in the consideration of their appeals, no matter how distinguished and well qualified the judge might be." *Id.* at 80–81. Similarly, in *Wingo v. Wedding*, 418 U.S. 461 (1974), a case concerning the authority of magistrate judges, the Court affirmed the Sixth Circuit's decision to reverse the district court's judgment because a magistrate judge had conducted an evidentiary hearing in a habeas case, and the version of the Magistrates Act then in effect did not allow that. (The current version does.) The Court reached its conclusion in *Wingo* without considering whether the defendant was harmed.

This narrow exception to waiver and forfeiture is necessary for the review of judicial authority to act with consent. As Justice Scalia observed in his dissent in *Peretz*, "[b]y definition, these claims can be advanced *only* by a litigant who will, if ordinary rules are applied, be deemed to have forfeited them: A defendant who objects will not be assigned to the magistrate at all. Thus, if we invariably dismissed claims of this nature on the ground of forfeiture, district courts would never know whether the Act authorizes them, with the defendant's consent, to refer [an additional duty] to a magistrate." *Peretz*, 501 U.S. at 954–55 (Scalia, J., dissenting). This part of the dissent is in accord with the majority in *Peretz*.

Because we find that the magistrate judge's acceptance of Harden's guilty plea violated the Federal Magistrates Act, we reverse. Although Harden has not shown that he suffered prejudice from the role the magistrate judge played in this case, and although nothing has been suggested to criticize the magistrate judge's performance, the statute simply does not authorize a magistrate judge to accept a felony

guilty plea. We need not reach Harden's constitutional claim, alleging that a magistrate judge's acceptance of a felony guilty plea violates the structural guarantees of Article III, because the statutory violation is clear. *See Nguyen*, 539 U.S. at 76 n.9 (2003).

## IV

We note that our reasoning places us in conflict with several of our sister circuits.[1] There is widespread agreement that a magistrate judge may conduct a Rule 11(b) colloquy for the purpose of making a report and recommendation. *See, e.g.*, *United States v. Reyna-Tapia*, 328 F.3d 1114, 1119–22 (9th Cir. 2003) (en banc); *United States v. Torres*, 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees*, 125 F.3d 261, 263, 265 (5th Cir. 1997); *United States v. Williams*, 23 F.3d 629, 631–34 (2d Cir. 1994). We agree that this is a permissible practice (and are told that that the district court for the Southern District of Illinois now delegates the conduct of a plea colloquy to a magistrate judge only when a report and recommendation on the plea is sent back to the district judge). Several circuits go further and authorize magistrate judges to accept felony guilty pleas with the parties' consent. *See United States v. Benton*, 523 F.3d 424, 431–32 (4th Cir. 2008); *United States v. Woodard*, 387 F.3d 1329, 1332–33 (11th Cir. 2004); *United States v. Ciapponi*, 77 F.3d 1247, 1250–52 (10th Cir. 1996). Those courts place great import on the statement in *Peretz* that "Congress intended to give federal judges significant

---

[1] Because this opinion creates a split among circuits, we circulated it in advance of publication to all judges of this court in regular active service, pursuant to Circuit Rule 40(e). None voted to hear the case *en banc*.

leeway to experiment with possible improvements in the efficiency of the judicial process… ." 501 U.S. at 932.

The desire to make more efficient the district courts' management of large criminal caseloads is understandable. These days, over 97% of criminal convictions are the result of guilty pleas. See "Statistical Tables for the Federal Judiciary," Table D-4 (June 2013), available at http://www.uscourts.gov/uscourts/Statistics/StatisticalTables ForTheFederalJudiciary/2013/june/D04Jun13.pdf (visited July 14, 2014) (finding that of 84,060 total criminal convictions in a twelve-month period, 81,955 were the result of guilty pleas). Truly, "criminal justice today is for the most part a system of pleas, not a system of trials." *Lafler v. Cooper*, 132 S. Ct. 1376, 1388 (2012). Yet, the prevalence of guilty pleas does not render them less important, or the protections waived through them any less fundamental. A felony guilty plea is equal in importance to a felony trial leading to a verdict of guilty. And without explicit authorization from Congress, the district court cannot delegate this vital task. The authority to experiment set forth in *Peretz* is bounded; the Court has never suggested that magistrate judges, with the parties' consent, may perform every duty of an Article III judge, regardless of the duty's importance.

The judgment of the district court is REVERSED.