**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4509**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

STEVEN EDWARD ROSS,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Malcolm J. Howard, Senior District Judge. (7:13-cr-00057-H-1)

Submitted: January 28, 2015      Decided: March 12, 2015

Before DUNCAN, WYNN and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey M. Brandt, ROBINSON & BRANDT, P.S.C., Covington, Kentucky, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Edward Ross pleaded guilty to the use of a firearm during a drug trafficking offense, a felony in violation of 18 U.S.C. § 924(c). With Ross's consent, a magistrate judge accepted and entered that plea. Ross now argues that the magistrate judge lacked the statutory authority to accept his guilty plea. Because there is binding Fourth Circuit precedent to the contrary, we affirm.

The Federal Magistrates Act authorizes magistrate judges to perform three types of duties: (1) enumerated duties that do not require the parties' consent, such as entering a sentence for a petty offense, 28 U.S.C. § 636(a)(4); (2) enumerated duties that require the parties' consent, such as presiding over a misdemeanor trial, id. § 636(a)(3); and "such additional duties as are not inconsistent with the Constitution and laws of the United States," id. § 636(b)(3).

The Supreme Court has recognized that the keystone in construing this third "additional duties" clause is the defendant's consent. See Peretz v. United States, 501 U.S. 923, 933 (1991). Such consent "significantly changes the constitutional analysis" and eliminates the concern that authorization of a duty would "be read to deprive a defendant of any important privilege." Id. at 932. Accordingly, a magistrate judge may undertake actions "comparable in

2

responsibility and importance" to those duties enumerated in the Act as requiring the defendant's consent. Id. at 933.

Ross argues that, notwithstanding his consent, the magistrate judge violated the Federal Magistrates Act by accepting his guilty plea. Ross relies on United States v. Harden, in which the Seventh Circuit recently held that "[t]he task of accepting a guilty plea is a task too important to be considered a mere 'additional duty' permitted under [the Federal Magistrates Act]." 758 F.3d 886, 888 (7th Cir. 2014). The Harden court reasoned that accepting a guilty plea goes beyond the scope of the Act because such a plea, which is "a waiver of important constitutional rights designed to protect the fairness of a trial," id. (quoting Johnson v. Ohio, 419 U.S. 924, 925 (1974) (quotation mark omitted)), "is dispositive . . . [and] results in a final and consequential shift in the defendant's status," id. at 889. The Harden court therefore analogized the acceptance of a guilty plea to the conducting of a felony trial, noting that "it is clear that a magistrate judge is not permitted to conduct a felony trial, even with the consent of the parties." Id.

The government responds that our decision in United States v. Benton, 523 F.3d 424 (4th Cir. 2008), forecloses Ross's argument. We held in Benton that the Magistrates Act authorizes magistrate judges to accept a guilty plea and find a defendant

3

guilty when, as here, "the parties have consented to the procedure" and the district court retains "ultimate control . . . over the plea process." Id. at 433; cf. Harden, 758 F.3d at 891 (noting that the Fourth, Tenth, and Eleventh Circuits "authorize magistrate judges to accept felony guilty pleas with the parties' consent").

We agree with the government. Benton rejected the precise argument that Ross now makes. That decision binds us today. We may not depart from it "unless it is overruled by a subsequent en banc opinion of this court or 'a superseding contrary decision of the Supreme Court.'" Etheridge v. Norfolk & Ry. Co., 9 F.3d 1087, 1090 (4th Cir. 1993) (quoting Busby v. Crown Supply, Inc., 896 F.2d 833, 840-41 (4th Cir. 1990)[*]

---

[*] We imply no disapproval of Benton. Indeed, in Peretz, the Supreme Court held that when enumerated and unenumerated duties of magistrate judges are similar in level of responsibility and importance, the defendant's consent and the district court's supervision cure any constitutional concerns about a magistrate judge's actions. 501 U.S. at 936-39. Following this reasoning, we held in Benton that "acceptance of a plea is merely the natural culmination of a plea colloquy" and that "the district court's ultimate control over the magistrate's plea acceptance satisfies any [constitutional] concerns." 523 F.3d at 431-32. We also noted that the ability of a judge to supervise voir dire proceedings in a felony trial, which was upheld in Peretz, "implicates far greater discretion" than the plea colloquy, which is "largely ministerial" in nature. Id. at 431 (quoting United States v. Osborne, 345 F.3d 281, 288, 287 (4th Cir. 2003) (internal quotation mark omitted)).

4

Because no case has overruled <u>Benton</u>, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>