**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4450**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DESMOND FARMER, a/k/a Slick,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever, III, Chief District Judge. (5:13-cr-00144-D-1)

Submitted: April 14, 2015         Decided: April 27, 2015

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew M. Robinson, ROBINSON & BRANDT, PSC, Covington, Kentucky, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Desmond Farmer entered into a written plea agreement with the Government, pursuant to which he agreed to plead guilty to conspiracy to distribute and to possess with intent to distribute 100 grams or more of phencyclidine (PCP), in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012). At his Fed. R. Crim. P. 11 hearing, which was conducted by a magistrate judge, Farmer was placed under oath and advised of his right to have a district judge conduct the hearing. Farmer informed the court that he understood this right, had consulted with counsel about it, and expressly consented to the magistrate judge conducting the hearing. The magistrate judge found that Farmer's consent was knowing and voluntary. Neither party expressed any concern as to Farmer's competence or ability to understand the proceedings.

At sentencing, Farmer did not contest the magistrate judge's authority to accept his guilty plea. Farmer was subsequently sentenced to a 168-month term of imprisonment and a 4-year term of supervised release. This appeal timely followed.

The lone issue Farmer raises on appeal is that the magistrate judge exceeded the authority vested in him under the Federal Magistrates Act in accepting Farmer's guilty plea. Central to Farmer's argument is United States v. Harden, 758 F.3d 886, 891 (7th Cir. 2014), in which the Seventh Circuit held

"that the magistrate judge's acceptance of [defendant's] guilty plea violated the Federal Magistrates Act[.]" Farmer acknowledges our contrary precedent, see United States v. Benton, 523 F.3d 424, 432 (4th Cir. 2008) (explaining that "a magistrate judge's acceptance of a plea, with the consent of the parties, does not appear to present any constitutional problems, either generally or in this case"), but nonetheless suggests that the reasoning set forth in Harden should be followed because it is more closely aligned with the Supreme Court's decision in Peretz v. United States, 501 U.S. 923, 931-33 (1991).

But, as Farmer acknowledges, this court has held that "magistrate judges possess the authority to bind defendants to their plea for the purposes of Rule 11, so long as district judges retain the authority to review the magistrate judge's actions *de novo*." Benton, 523 F.3d at 429. Regardless of the Seventh Circuit's contrary decision in Harden, we are bound by Benton. United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005) ("A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." (internal quotation marks omitted)); see United States v. Ross, __ F. App'x __, 2015 WL 1062755 (4th Cir. Mar. 12, 2015) (unpublished)

3

(rejecting same argument advanced by Farmer, for same reason). Accordingly, we reject Farmer's challenge to the magistrate judge's authority to accept his guilty plea and affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED