**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4865**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

NKHENGE SHROPSHIRE, a/k/a Konjay Shropshire,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:13-cr-00248-FDW-1)

Submitted: June 25, 2015        Decided: June 29, 2015

Before GREGORY, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tony E. Rollman, Asheville, North Carolina, for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Nkhenge Shropshire pled guilty to conspiracy to impede the Internal Revenue Service, in violation of 18 U.S.C. § 371 (2012), and making a false statement on a loan application, in violation of 18 U.S.C. §§ 2, 1014 (2012). With Shropshire's consent, a magistrate judge conducted a Fed. R. Crim. P. 11 hearing and accepted her guilty pleas. Shropshire argues on appeal that the magistrate judge lacked the authority to accept her guilty pleas. Because there is binding Fourth Circuit precedent to the contrary, we affirm.

The sole issue Shropshire raises on appeal is that, in accepting her guilty pleas, the magistrate judge exceeded the authority vested in him under the Federal Magistrates Act. Central to Shropshire's argument is the recent decision in United States v. Harden, 758 F.3d 886 (7th Cir. 2014), in which the Seventh Circuit held "that the magistrate judge's acceptance of [defendant]'s guilty plea violated the Federal Magistrates Act." Id. at 891. This court has held, however, that the Magistrates Act authorizes magistrate judges to accept a guilty plea and find a defendant guilty when, as here, "the parties have consented to the procedure" and the district court retains "ultimate control . . . over the plea process." United States v. Benton, 523 F.3d 424, 433 (4th Cir. 2008); cf. Harden, 758 F.3d at 891 (noting that

2

Fourth, Tenth, and Eleventh Circuits "authorize magistrate judges to accept felony guilty pleas with the parties' consent").

Regardless of the Seventh Circuit's contrary decision in Harden, we are bound by Benton. See United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005) ("A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." (internal quotation marks omitted)).

Accordingly, we reject Shropshire's challenge to the magistrate judge's authority to accept her guilty pleas, and we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED