In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-1290

ERIK SOLANO,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:13-cv-327 — **Jon E. DeGuilio**, *Judge*.

ARGUED DECEMBER 9, 2015 — DECIDED FEBRUARY 5, 2016

Before EASTERBROOK and HAMILTON, *Circuit Judges*, and
PALLMEYER, *District Judge*.[*]

PALLMEYER, *District Judge*. Erik Solano appeals from an
order of the district judge dismissing his 28 U.S.C. § 2255
motion to vacate his sentence. Solano, who waived the right
to appeal from his sentence, nevertheless asserts that trial

---

[*] Of the United States District Court for the Northern District of Illinois, sitting by designation.

counsel's failure to file an appeal at his request constitutes ineffective assistance in violation of the Sixth Amendment. The district court dismissed his petition as untimely, but we are free to affirm on any ground presented in the record. *United States v. Flores-Sandoval*, 94 F.3d 346, 349 (7th Cir. 1996) (citing *United States v. Mustread*, 42 F.3d 1097, 1104 (7th Cir. 1994)). As the government argued below, the Sixth Amendment does not require an attorney to accede to a defendant's request to file an appeal where the defendant has knowingly and voluntarily waived that right as part of a valid plea agreement. Accordingly, we affirm the dismissal of Solano's § 2255 petition.

## I

In April 2011, a grand jury indicted Erik Solano on two counts of distributing cocaine and one count of conspiring to obtain and distribute marijuana, in violation of 21 U.S.C. § 841. Solano pleaded guilty pursuant to an agreement in which the government agreed to dismiss one of the cocaine counts and recommend a reduction of the sentencing guideline range to reflect Solano's acceptance of responsibility. Solano's written plea agreement included a waiver of Solano's right to appeal his conviction, sentence, or any restitution order on any ground, including any claim of ineffective assistance of counsel. He also agreed not to contest the manner in which his conviction, sentence, or any restitution order was determined or imposed on any ground, including any claim—on direct appeal or by way of a post-conviction petition—that he had received ineffective assistance of counsel.

At the change of plea hearing, on June 8, 2011, the magistrate judge explained the rights that Solano was giving up by

pleading guilty. The magistrate judge also reviewed particular provisions contained in the plea agreement, including Solano's appeal waiver:

> THE COURT: So what you are doing here in this particular paragraph with those particular sentences is you are giving up that right to appeal. So, as it says, you will not be able to appeal your sentence, your conviction or any restitution order or the manner in which it was determined to any Court on any ground. Do you understand that?
>
> DEFENDANT: Yes, Your Honor.
>
> THE COURT: All right. That's important.

At the conclusion of the hearing, the magistrate judge found that Solano had knowingly waived his rights and that his plea was voluntary.[1] At a sentencing hearing on October

---

[1] At the time of Solano's plea hearing, this court had not yet decided *United States v. Harden*, which held that, pursuant to the Federal Magistrates Act, United States Magistrate Judges are not permitted to accept guilty pleas in felony cases. 758 F.3d 886, 888 (7th Cir. 2014). Although this court has not yet decided whether *Harden* applies retroactively in collateral proceedings, Solano has waived this argument because his § 2255 petition does not challenge the magistrate's acceptance of his guilty plea, and Solano has not raised this issue on appeal. *See Valenzuela v. United States*, 261 F.3d 694, 700 n.2 (7th Cir. 2001) (stating that by failing to raise an issue in a § 2255 petition, a petitioner waives that issue); *United States v. Barnes*, 660 F.3d 1000, 1006 (7th Cir. 2011) ("[A]ny issue that could have been raised on appeal but was not is waived[.]").

21, 2011, the district court accepted the plea and imposed a sentence of 168 months, the bottom end of the guideline range, to be followed by three years of supervised release. As the hearing concluded, the court reminded Solano, and Solano acknowledged, that he had waived the right to appeal his conviction or sentence as part of his plea agreement. Judgment was entered on October 26, 2011, and became final on November 9, 2011, the expiration date for filing a notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A).

Solano did not appeal. Approximately two and a half years later, however, on April 15, 2013, Solano filed a *pro se* § 2255 motion to vacate his sentence, asserting two claims of ineffective assistance of counsel: (1) that trial counsel was ineffective in negotiating the plea agreement; and (2) that trial counsel was ineffective in advocating for Solano at sentencing. Solano wrote that the grounds for his § 2255 petition had not been previously presented to a federal court "due to the ineffective assistance of counsel and his failure to file my appeal like he said he would." Solano contended that he "just became aware that [his] attorney did not file [his] direct appeal," and urged that he was entitled to equitable tolling of the one-year statute of limitations contained in 28 U.S.C. § 2255.

Solano asserts that, directly after the sentencing hearing, he told his trial counsel to file a notice of appeal because he disagreed with the court's determination concerning his sentence. Solano also asserts that his attorney assured him he would visit Solano in prison, but never did so and never filed a notice of appeal. Solano claims he made numerous attempts to contact trial counsel between November and December 2011, to no avail, and finally wrote to the district

court, asking about the status of his appeal, on January 11, 2013. Solano did not learn that no appeal had been filed until he received a copy of the docket sheet from the Clerk.

Following an evidentiary hearing, the district court dismissed Solano's § 2255 motion as untimely. Solano knew the facts underlying his two ineffective assistance of counsel claims at the time of sentencing, the court concluded, and thus had one year from November 9, 2011—the date on which the judgment became final—to file a timely motion. There was no basis for equitable tolling, the district court concluded, because though Solano initially exercised diligence in pursuing his rights, he did not act diligently to determine the status of his appeal in the fourteen months immediately preceding his April 2013 petition, and no extraordinary circumstances prevented timely filing. At the evidentiary hearing, the district court cited this court's decision in *Nunez v. United States*, 546 F.3d 450, 456 (7th Cir. 2008), and pointed out that "where there is an appeal waiver, the attorney can choose not to appeal, even though there has been a request." The court nevertheless dismissed the petition on timeliness grounds.

Before this court, Solano argues that his original § 2255 petition properly challenged the failure to appeal as a Sixth Amendment violation. Citing 18 U.S.C. § 2255(f)(4), he contends that the district court erred in dismissing his petition because it was filed within one year after he discovered that his appeal had not been filed. The government contends that Solano's petition was properly dismissed as untimely because he failed to show that he acted with diligence to determine the status of his appeal.

## II

This court is free to affirm the court's denial of the motion "on any grounds found in the record, regardless of the rationale employed by the district court." *United States v. Flores-Sandoval*, 94 F.3d 346, 349 (7th Cir. 1996) (citing *United States v. Mustread*, 42 F.3d 1097, 1104 (7th Cir. 1994)). That is the appropriate course in this case. Solano waived any right to appeal his sentence in his plea agreement, and thus may not bring an ineffective assistance of counsel claim for his attorney's failure to file an appeal, even one he explicitly requested.

As part of a plea agreement, a defendant may validly waive his right to challenge his conviction and sentence on direct appeal or collateral review under 28 U.S.C. § 2255. With limited exceptions, these "waivers are enforceable as a general rule." *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). As the district court recognized and the government argued below, in *Nunez*, we held that, once a defendant has knowingly and voluntarily waived his right to appeal both in a plea agreement and in court under Rule 11(b), the Sixth Amendment does not require an attorney to disregard the waiver by complying with the defendant's request to file an appeal. 546 F.3d at 456. In reaching this decision, we acknowledged that seven other Circuits have reached the opposite conclusion on this issue. *Id.* at 453 (citing *Campusano v. United States*, 442 F.3d 770, 772–77 (2d Cir. 2006); *United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007); *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007); *Watson v. United States*, 493 F.3d 960 (8th Cir. 2007); *United States v. Garrett*, 402 F.3d 1262, 1265–67 (10th Cir. 2005); *Gomez-Diaz v. United States*, 433 F.3d 788, 791–94 (11th Cir. 2005)). We explained,

however, that trial counsel's responsibilities to the court and to the client militate against filing an appeal in circumstances where the client has waived that right. *Id.* at 455. A lawyer has a duty to avoid frivolous litigation; more importantly, the lawyer has a continuing duty to the client to "avoid taking steps that will cost the client the benefit of the plea bargain." *Id.* Further, in order to establish an ineffective assistance claim, a defendant must show both objectively deficient performance and prejudice; no such showing can be made when counsel fails to file an appeal for a defendant who has validly waived the appeal. *Id.* at 456.

In *Nunez* and in other cases, we recognized that an appeal waiver does not always foreclose a defendant's right to appeal or relieve trial counsel of the responsibility to file an appeal in every case. The appeal waiver stands or falls with the plea agreement. *United States v. Behrman*, 235 F.3d 1049, 1051 (7th Cir. 2000). Accordingly, a defendant who contends that the plea agreement, or the appeal waiver contained within it, was made involuntarily will retain a Sixth Amendment right to have his lawyer file an appeal on that ground. *Nunez*, 546 F.3d at 454. A defendant may also retain the right to argue on appeal that his decision to plead guilty was made without effective assistance of counsel, or that the court relied on an impermissible factor such as race or imposed a sentence that exceeds the statutory maximum. *Jones*, 167 F.3d at 1144–45. In *Nunez* we also noted that "waivers of appeal have different scopes"; thus, a defendant who waives only the right to appeal his sentence may retain the right to appeal his conviction. 546 F.3d at 454; *see also United States v. Sines*, 303 F.3d 793, 798 (7th Cir. 2002) ("[T]his court has been careful to enforce waivers only to the extent of the agreement.") And if the scope of the waiver is unclear, trial coun-

sel can properly file an appeal to seek a court determination of whether the waiver covers the particular issue. *Nunez*, 546 F.3d at 456.

But the exceptions are not available here. Solano does not assert that this plea agreement or his appeal waiver was involuntary or unknowing. Indeed, Solano told both the magistrate judge and district court that the plea agreement was knowing and voluntary and that he understood the implications of the appeal waiver. Nor are there any ambiguities or limitations in the waiver that would provide Solano with a right to appeal his conviction or sentence on any ground. Solano waived his right to appeal his conviction and sentence to any court on any ground, including any claim of ineffective assistance of counsel. He also agreed not to contest his conviction or sentence based on alleged ineffective assistance of counsel under 28 U.S.C. § 2255. Nor has Solano suggested that the district court relied on impermissible factors in his sentence or imposed a sentence that exceeds the statutory cap.

Solano's only viable argument, which he made for the first time at oral argument, is that we should reconsider *Nunez*. We decline to do so. *Nunez* is appropriately limited to circumstances in which, as in this case, the defendant's waiver was knowing and voluntary and actually governed the proposed appeal. Because Solano has not asserted any Sixth Amendment right in his § 2255 petition, we affirm the district court's decision denying the motion.

The judgment of the district court is AFFIRMED.