In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 14-2741

CHRISTOPHER H. MCCOY,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

---

Appeal from the United States District Court for the
Southern District of Illinois.
No. 13-cv-1318-DRH — **David R. Herndon**, *Judge*.

---

ARGUED NOVEMBER 3, 2015 — DECIDED MARCH 2, 2016

---

Before WOOD, *Chief Judge*, EASTERBROOK, *Circuit Judge*, and BRUCE, *District Judge*.[*]

BRUCE, *District Judge*. Christopher H. McCoy, appeals the dismissal of his motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255. On appeal, McCoy argues that the magistrate judge who accepted his felony guilty plea ex-

---

[*] Of the Central District of Illinois, sitting by designation.

ceeded his authority under the Federal Magistrates Act (28 U.S.C. §636) and Article III of the U.S. Constitution. This argument was neither raised on direct appeal or in the §2255 proceedings before the district court. Rather, it is raised for the first time in this court on this appeal. Because McCoy did not demonstrate sufficient cause for his failure to present this claim in the earlier proceedings, we affirm the district court's dismissal of his §2255 motion.

I.

Christopher H. McCoy was indicted on May 18, 2011, in the Southern District of Illinois on five felony child pornography charges: (1) enticement of a minor in violation of 18 U.S.C. §2422(b); (2) distribution of child pornography in violation of 18 U.S.C. §2252(a)(2); (3) transfer of obscene material to a minor in violation of 18 U.S.C. §1470; (4) receipt of child pornography in violation of 18 U.S.C. §2252(a)(2); and (5) possession of child pornography in violation of 18 U.S.C. §2252(a)(4)(B).

On September 19, 2011, McCoy pled guilty to all of the enumerated counts before U.S. Magistrate Judge Donald G. Wilkerson. McCoy consented to having the magistrate judge perform his plea colloquy under Federal Rule of Criminal Procedure 11 and to having the magistrate judge accept his guilty plea. At the time of McCoy's plea, Local Rule 72.1(b)(2) for the U.S. District Court for the Southern District of Illinois authorized magistrate judges to accept guilty pleas in felony cases with the consent of the parties. This was a full acceptance by a magistrate judge of a felony guilty plea, and not a situation where a magistrate judge made a report and recommendation to the district court judge, with the district

court judge having final say over whether to approve the report and recommendation and accept the guilty plea.

On January 27, 2012, U.S. District Court Judge David R. Herndon sentenced McCoy to 327 months in prison.

McCoy filed a direct appeal to this court, arguing that his sentence was unreasonable and that the district court improperly weighed the U.S. Sentencing Commission's factors for sentencing. On August 15, 2012, this court issued an order rejecting McCoy's arguments and affirming his sentence. See *United States v. McCoy*, 493 Fed. Appx. 767, 771 (7th Cir. 2012). The U.S. Supreme Court denied McCoy's petition for a writ of certiorari on January 22, 2013.

On December 19, 2013, McCoy filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255, arguing that he received ineffective assistance of counsel and that an insufficient factual basis existed to support his conviction on the enticement count under 18 U.S.C. §2422(b). McCoy was appointed counsel.

On March 25, 2014, with the help of counsel, McCoy filed an amended §2255 motion. The amended motion raised three grounds: (1) ineffective assistance of counsel in advising McCoy to plead guilty to the enticement count; (2) insufficient factual basis to support a conviction under §2422(b) (enticement); and (3) ineffective assistance of counsel for failure to file a motion to suppress the enticement count.

Following a hearing on July 31, 2014, the district court denied McCoy's §2255 motion. On August 6, 2014, McCoy filed a notice of appeal and moved to proceed on appeal *in forma pauperis*. The district court denied McCoy's motion, finding the appeal was taken in bad faith. On August 20,

2014, the district court declined to issue McCoy a certificate of appealability.

Upon learning of this court's decision in *United States v. Harden*, 758 F.3d 886 (7th Cir. 2014), McCoy filed a "motion to vacate appeal for lack of subject matter jurisdiction" with this court. In *Harden*, this court held that magistrate judges do not have authority under the Federal Magistrates Act to accept felony guilty pleas, and that neither the defendant's consent nor lack of apparent harm to the defendant precluded reversal. *Harden*, 758 F.3d at 890–91. The court declined to reach the defendant's constitutional claim that alleged the magistrate judge's acceptance of a felony guilty plea violated the structural guarantees of Article III. *Harden*, 758 F.3d at 891.

McCoy argued that, based on *Harden*, the magistrate judge unlawfully accepted his felony guilty plea. We construed McCoy's motion as an application for a certificate of appealability. On October 21, 2014, we entered an order granting McCoy a certificate of appealability and instructing counsel to brief the following issues: (1) has McCoy defaulted any claim regarding the acceptance of his pleas by a magistrate judge; and (2) if the claim is not defaulted, is McCoy entitled to any relief, and if so, what relief is appropriate?

## II.

McCoy argues that his procedural default for not raising the issue on direct appeal or in his §2255 motion before the district court can be excused. He argues that the unavailability of the *Harden* decision provides sufficient cause for procedural default and that, because a magistrate judge's acceptance of a felony guilty plea is so fundamental as to con-

stitute structural error, he need not demonstrate prejudice. If procedural default is excused, McCoy argues the magistrate judge exceeded his authority under the Federal Magistrates Act and Article III when he accepted McCoy's guilty plea, and that the only appropriate relief is to allow him to withdraw his guilty plea.

A claim cannot be raised for the first time in a §2255 motion if it could have been raised at trial or on direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). Likewise, a §2255 appellant cannot raise for the first time on appeal a claim not presented to the district court in the §2255 proceedings below. *Pierce v. United States*, 976 F.2d 369, 371 (7th Cir. 1992). A federal prisoner cannot bring defaulted claims on collateral attack unless he shows both cause and prejudice for the default. *Hale v. United States*, 710 F.3d 711, 713 (7th Cir. 2013); *Gant v. United States*, 627 F.3d 677, 683 (7th Cir. 2010). Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is "actually innocent" of the crimes of which he was convicted. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). McCoy has made no argument that he is actually innocent of the offenses to which he pled guilty. Therefore, his failure to raise the magistrate judge claim will only be excused if he can demonstrate cause and prejudice for the default.

McCoy argues that he can show cause because his argument "was not reasonably available on either direct appeal or during his §2255 proceedings with the district court." Specifically, McCoy claims that he is basing his argument on this court's decision in *Harden*, a case that conflicts with all prior federal circuit court precedent and was not issued until

July 14, 2014. Therefore, he had cause for not raising this argument before now.

In support of his argument, McCoy cites to the U.S. Supreme Court's decision in *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2091, 82 L.Ed.2d 1 (1984), where the Court held "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." *Reed*, 468 U.S. at 16. The Court then articulated three examples of when a claim is not "reasonably available" so as to be considered novel: (1) the obvious case where a Supreme Court decision explicitly overrules prior precedent; (2) where a decision overturns longstanding and widespread practice to which the Supreme Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved, a claim based on that decision would not have been reasonably available before then; and (3) a claim may not have been reasonably available at earlier stages of the litigation if based on a new decision disapproving of a practice which the Supreme Court had previously sanctioned. *Boyer*, 55 F.3d at 298, citing *Reed*, 468 U.S. at 17.

McCoy argues the second *Reed* exception applies to his case, because, before *Harden*, the only federal courts to have considered the issue all found that a magistrate's acceptance of a felony guilty plea did not violate Article III or the Federal Magistrates Act. See *United States v. Benton*, 523 F.3d 424, 431–32 (4th Cir. 2008); *United States v. Woodard*, 387 F.3d 1329, 1332–33 (11th Cir. 2004); *United States v. Ciapponi*, 77 F.3d 1247, 1250–52 (10th Cir. 1996). Thus, he claims, the argument was so novel that its legal basis was not reasonably

available to him at the time of direct appeal or his §2255 proceeding.

We find McCoy's argument to be unavailing. First, the *Harden* decision on which McCoy bases his claim was issued a full two weeks before the hearing in the district court on his §2255 motion. *Harden* was not an obscure, unpublished order dealing with a minor legal matter in a distant district. Rather, it was a published decision of this court that originated from the same district and even the same judge as McCoy's case. Further, *Harden* concerned an important legal matter implicating procedures that were, from what this court can tell, exclusive to the Southern District of Illinois. *Harden* obligated courts in the Southern District to change their longstanding practice of allowing magistrate judges to accept felony guilty pleas. There can be no doubt that the decision, from the moment it was issued on July 14, 2014, made an immediate impact on criminal practice in the federal courts in the Southern District. In this context and under these facts, we find that an argument based on *Harden* would have been fully available to McCoy to amend his §2255 motion by the time of the July 31, 2014, hearing.

By not presenting his argument based on *Harden* to the district court, McCoy procedurally defaulted such an argument in this court. See *Pierce*, 976 F.2d at 371. Having found that the *Harden* decision was available to McCoy during the pendency of his §2255 motion, McCoy cannot show cause for his procedural default. See *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998). Therefore, the decision of the district court dismissing his §2255 motion is affirmed.

AFFIRMED.