NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2016
Decided March 11, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-1886

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Indiana, |
| | Fort Wayne Division |
| *v.* | |
| | No. 1:12CR88-001 |
| PEDRO GARZA, | |
| *Defendant-Appellant.* | Theresa L. Springmann, |
| | *Judge.* |

**O R D E R**

In late 2012, police in Fort Wayne, Indiana, conducted a series of controlled buys from Pedro Garza, and he was arrested after attempting to sell to an undercover detective almost $40,000 worth of cocaine. Garza was charged with five counts of distributing controlled substances, 21 U.S.C. § 841(a)(1)(A), and, in exchange for the government's agreement to dismiss four of those counts, Garza agreed to plead guilty to the remaining count and waive his right to appeal. Under the appeal waiver, Garza consented to "expressly waive [his] right to appeal or to contest [his] conviction and all components of [his] sentence." A magistrate judge conducted a plea colloquy and recommended that the district court accept Garza's guilty plea. *See* 28 U.S.C. § 636(b)(1); *United States v. Harden*, 758 F.3d 886, 891 (7th Cir. 2014). The district court adopted that

recommendation and sentenced Garza to 188 months' imprisonment—the low end of the guidelines range.

Garza appealed, and his appointed counsel, arguing that the appeal is frivolous, seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of this case and considers the issues that an appeal like this one might be expected to involve. We invited Garza to respond to counsel's submission, *see* CIR. R. 51(b), but he has not done so. Because the analysis in counsel's brief appears thorough, we discuss only the issues identified in that brief. *See United States v. Bey,* 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner,* 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Garza could challenge the voluntariness of his guilty plea. After consulting with his client, *see United States v. Konczak,* 683 F.3d 348, 349 (7th Cir. 2012)*; United States v. Knox,* 287 F.3d 667, 670–71 (7th Cir. 2002), counsel tells us that Garza wishes to withdraw his guilty plea but lacks a nonfrivolous basis for doing so. We agree. Garza did not move to withdraw his plea in the district court, so we would review the adequacy of the plea colloquy for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). And the transcript of that colloquy shows that the district court complied with Federal Rule of Criminal Procedure 11: The court, through an interpreter, advised Garza of the constitutional rights he was waiving by pleading guilty; it ensured that Garza understood the charges against him, the minimum and maximum penalties, and the potential immigration consequences; and it informed him of the effect of his appeal waiver. *See* FED. R. CRIM. P. 11(b)(1). The government also proffered a factual basis for the plea, which Garza admitted to. *Id.* 11(b)(3). This compliance with Rule 11 shields the guilty plea from challenge on direct appeal. *See United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997); *United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988). We thus agree with counsel that a challenge to Garza's plea would be pointless.

Counsel next correctly concludes that any challenge to Garza's sentence would be frivolous since in his appeal waiver Garza relinquished his "right to appeal or to contest [his] conviction and all components of [his] sentence." Because an appeal waiver stands if the guilty plea that produced the waiver is intact (and we have just said that his guilty plea cannot reasonably be challenged), *see United States v. Gonzalez,* 765 F.3d 732, 741 (7th Cir. 2014); *United States v. Zitt,* 714 F.3d 511, 515 (7th Cir. 2013), we would enforce Garza's waiver of an attack on his sentence. No exception to an appeal waiver (such as a sentence that exceeds the statutory maximum, is based on an impermissible factor like race, or is the result of an incompetent lawyer) is suggested in the record. *See Dowell v.*

*United States*, 694 F.3d 898, 902 (7th Cir. 2012); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005). Thus a sentencing challenge would be frivolous.

Accordingly we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.