In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-1482

VERNON T. JONES,

*Plaintiff-Appellant*,

*v.*

ASSOCIATION OF FLIGHT ATTENDANTS-CWA,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 11 C 4413 — **Michael T. Mason**, *Magistrate Judge*.

SUBMITTED NOVEMBER 12, 2014* — DECIDED JANUARY 30, 2015

Before WOOD, *Chief Judge*, and FLAUM and TINDER, *Circuit Judges*.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is therefore submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2).

WOOD, *Chief Judge*. More than seven months after settling a federal lawsuit against his former labor union, Vernon Jones filed in the district court a document that he called a "motion to establish court's jurisdiction." The motion's caption reflected the name and docket number of his suit against the union, and so the clerk's office sent it to the judge who had presided over that action (a magistrate judge, who had acted with the parties' consent). The judge entered a minute order ostensibly dismissing Jones's submission for lack of subject-matter jurisdiction. Jones appealed, urging us to reverse that jurisdictional finding. Before reaching that issue, however, we must consider whether the magistrate judge was authorized to enter a dispositive ruling on Jones's submission, and whether we have appellate jurisdiction to review that ruling.

The underlying case arose out of Jones's 15-year stint as a flight attendant for United Airlines. He lost that job in 2010 when he was fired for misconduct; the next year, he sued the Association of Flight Attendants, the union that had represented him during his employment with the airline. Because of racial animus and his complaints about discrimination, he charged, the union had backed the airline instead of fairly representing him in his bid to keep his job. See 42 U.S.C. §§ 1981, 2000e-2(c), 2000e-3(a).

When a settlement appeared likely, the parties consented to have a magistrate judge preside over the lawsuit. See 28 U.S.C. § 636(c)(1). By then Jones was represented by appointed counsel. As part of the settlement, the union agreed to challenge his discharge by pursuing on his behalf a grievance with the System Board of Adjustment, the body responsible under the collective bargaining agreement for re-

solving disputes or grievances between the union and airline. In turn, Jones agreed to dismiss his lawsuit with prejudice. The settlement does not provide for continuing jurisdiction in federal court. See generally *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994); *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006); *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002). In June 2013, counsel for both parties signed a stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Less than two weeks later, Jones filed the first of three *pro se* submissions, all of which the clerk's office directed to the magistrate judge. The first of these is a two-sentence request to discharge Jones's recruited lawyer and to return his suit against the union to the district judge for future proceedings. The magistrate judge disposed of this filing in a minute order explaining that the suit already had been dismissed with prejudice and terminated.

Five months after this ruling, Jones filed the second document. This time he asked that his lawsuit be reinstated and that a "default judgment" be entered against the union. His filing acknowledges that the union was pursuing a grievance before the System Board of Adjustment, as it had promised to do in the settlement. But the motion also conveys Jones's displeasure with the progress of that proceeding. The magistrate judge disposed of this filing in another minute order explaining that the court had not retained jurisdiction to enforce the settlement.

Then two weeks later, on January 30, 2014, Jones submitted his "motion to establish court's jurisdiction." Once more the magistrate judge issued a minute order, this one purporting to dismiss the filing for lack of subject-matter jurisdic-

tion. The magistrate judge's order explains that the court could not exercise jurisdiction over a case that had been dismissed with prejudice. Jones appeals only this last ruling.

How best to characterize Jones's third filing affects not only whether the magistrate judge had subject-matter jurisdiction to address it, but also whether we have appellate jurisdiction. A magistrate judge who enters by consent a final judgment in civil litigation also has authority to dispose of postjudgment motions in the same litigation. *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1185 (7th Cir. 1987); *Holt-Orsted v. City of Dickson*, 641 F.3d 230, 233–34 (6th Cir. 2011). This authority extends to motions under Federal Rule of Civil Procedure 60(b). See *Kiswani v. Phx. Sec. Agency, Inc.*, 584 F.3d 741, 742–43 (7th Cir. 2009); *Cincinnati Ins. Co. v. Leighton*, 403 F.3d 879, 880–81 (7th Cir. 2005). Because Jones filed his third submission so long after his suit was dismissed, Rule 60 is the only possible source of authority for action by the magistrate judge who disposed of the case. See *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 666–67 (7th Cir. 2014). If what Jones filed is really a new case—one geared toward enforcing the settlement, for example—then the magistrate judge's power to rule on the submission was cabined both by the contractual nature of settlements and by § 636(c).

A disagreement about whether parties to a settlement have honored their commitments is a contract dispute. See *Kokkonen*, 511 U.S. at 378, 381. Suits for breach of contract, including those to enforce ordinary settlements, arise under state law. They cannot be adjudicated in federal court unless there is an independent basis of subject-matter jurisdiction, such as diversity. There is an exception, inapplicable

here, for settlements "embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has *not* been dismissed with prejudice)." *Lynch, Inc.*, 279 F.3d at 489; see *Dupuy v. McEwen*, 495 F.3d 807, 809 (7th Cir. 2007); *Shapo*, 463 F.3d at 643. The terms of the agreement between Jones and the union are not incorporated into a judicial order or consent decree, and the lawsuit was dismissed with prejudice. And as a practical matter it would be impossible for Jones to establish diversity of citizenship: no matter what state citizenship he has (we know only that he "resides" "near" Chicago), diversity would exist only if none of the union's 60,000 members (who are scattered throughout the United States) shares his citizenship. See *Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co.*, 759 F.3d 787, 788 (7th Cir. 2014); *Copeland v. Penske Logistics, LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012). Jones has made no such showing.

The magistrate judge's minute order is silent about the basis for Jones's third submission, but the court's discussion of subject-matter jurisdiction makes clear that the court did not understand the filing to be a Rule 60(b) motion. We agree with that implicit conclusion. In this filing, Jones accuses the union of not demanding a timely ruling from the System Board of Adjustment. He also suggests that the union failed properly to investigate an encounter he had with police in a Chicago suburb after the settlement. As relief Jones asks that the union be fined continuously until the Board rules. In other words, Jones is trying to enforce the settlement, not to set it aside or otherwise alter it. See FED. R. CIV. P. 60(b); *Kokkonen*, 511 U.S. at 378; *Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955–56 (7th Cir. 1997); *McAlpin v.*

*Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 503 (6th Cir.
2000).

The magistrate judge was thus correct to conclude that
Jones had not filed a Rule 60(b) motion and that the court
lacked jurisdiction to enforce the parties' agreement. See
*Kokkonen*, 511 U.S. at 381–82. The question is what step
should have come next: disposition of the new request for
enforcement action, or something else? The answer is "some-
thing else." Once the judge saw that Jones's submission was
not part of the litigation covered by the parties' consents, he
should have recognized that he did not have authority to is-
sue a dispositive ruling, even one ordering dismissal for lack
of subject-matter jurisdiction. Jones was bringing a *new* law-
suit. The magistrate judge could dispose of that new action
only if it was assigned to him by a district judge and the par-
ties furnished new consents. See 28 U.S.C. § 636(c)(1); FED. R.
CIV. P. 73(a); *Stevo v. Frasor*, 662 F.3d 880, 883 (7th Cir. 2011);
*Silberstein v. Silberstein*, 859 F.2d 40, 41–42 (7th Cir. 1988).

The magistrate judge's error in this respect has conse-
quences in this court. A purported final decision issued by a
magistrate judge acting outside of his authority is a nullity.
See *Kalan v. City of St. Francis*, 274 F.3d 1150, 1153–54 (7th Cir.
2001); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1013 n.7 (7th
Cir. 2000); *Silberstein*, 859 F.2d at 41–42. That means that we
have no final judgment in this case; it is still pending before
the district court with a *de facto* recommendation from the
magistrate judge. We therefore lack appellate jurisdiction
and must dismiss the appeal. See 28 U.S.C. § 1291; *Egan v.
Freedom Bank*, 659 F.3d 639, 644 (7th Cir. 2011); *Heft v. Moore*,
351 F.3d 278, 281 (7th Cir. 2003); *Kalan*, 274 F.3d at 1154;
*Jaliwala v. United States*, 945 F.2d 221, 223–24 (7th Cir. 1991);

*McNab v. J&J Marine, Inc.*, 240 F.3d 1326, 1327–28 (11th Cir. 2001); *Holbert v. Idaho Power Co.*, 195 F.3d 452, 454 (9th Cir. 1999).

In closing, we note that it may be possible to construe what Jones filed not only as a motion to enforce the settlement, but also as a new action arising from the union's duty under the National Labor Relations Act fairly to represent him before the System Board of Adjustment. See 29 U.S.C. §§ 159(a), 185; *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998); *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 563–64 (1990). If the district court adopts the latter characterization, it should consider whether the federal claim provides supplemental jurisdiction over Jones's state-law claim for breach of the settlement contract. See 28 U.S.C. § 1367. We leave these questions for the assigned district judge to evaluate in the first instance. Either way, however, Jones must pay a new filing fee or qualify to proceed *in forma pauperis* before any new matter may proceed in the district court. See 28 U.S.C. §§ 1914(a), 1915(a)(1); *Richmond v. Chater*, 94 F.3d 263, 266–67 (7th Cir. 1996).

DISMISSED.