NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2016[*]
Decided November 1, 2016

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3355

| | |
|---|---|
| JOSEPH TRZECIAK, SR., | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:10 CV 358 |
| GEORGE M. PETRICH, | |
| *Defendant-Appellee.* | John E. Martin, *Magistrate Judge.* |

**O R D E R**

Joseph Trzeciak appeals from an order denying his motion to vacate the dismissal of a suit under the diversity jurisdiction claiming attorney malpractice. We affirm that decision.

---

[*] Appellee George M. Petrich did not file a brief, and thus the appeal is submitted on the appellant's brief and the record. We have unanimously agreed to decide the case without oral argument because the issues have been authoritatively decided. FED. R. APP. P. 34(a)(2)(B).

Trzeciak, a citizen of Indiana, was arrested at his home in that state in 2004. He later was convicted of a federal crime committed in Indiana, as well as a state offense in Illinois, where he presently is incarcerated. In 2004 he hired George Petrich, a lawyer in Illinois, to pursue a homeowner's insurance claim for damage to his house caused by the arresting officers and vandals. Trzeciak also needed cash to pay his lawyers in the criminal matters, so he authorized Petrich to sell the property on his behalf. To facilitate a sale (Trzeciak was detained) he executed a quitclaim deed giving title to Petrich, who notarized and filed the deed himself. But Petrich did not sell the house. Meanwhile, in 2005 the insurance company denied Trzeciak's claim with the explanation that documentation needed to complete its investigation had not been provided by Trzeciak and Petrich.

Trzeciak then hired another lawyer, and in 2006 he brought a suit in Indiana state court to quiet title to his house. In his complaint he alleged that Petrich had defrauded him by taking and keeping his house while not performing any professional services of value. The action was settled by Petrich agreeing to relinquish any claim to the property in exchange for $6,000, which would come out of the proceeds of a sale. As part of the settlement Trzeciak released Petrich from liability for all pending or contingent claims. The state court dismissed the suit with prejudice.

Three years later Trzeciak sued the insurance company in an Indiana state court seeking more than $1 million related to his unsuccessful loss claim. The company, a citizen of Illinois, removed the suit to federal court based on the diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441. Trzeciak then amended his complaint to add Petrich as a defendant, again accusing the lawyer of fraud. A district judge concluded that Trzeciak's suit against the insurance company was untimely and granted summary judgment for the company. (The district court immediately entered a final judgment for the insurance company under Federal Rule of Civil Procedure 54(b), and Trzeciak filed a notice of appeal. But he failed to pay the appellate fees, so we dismissed that appeal. *Trzeciak v. State Farm Fire and Cas. Co.*, No. 11-3283 (7th Cir. Dec. 29, 2011). In the case now before us, Trzeciak has abandoned his claim against the insurance company.) Meanwhile, Trzeciak amended his complaint a second time to allege specifically that Petrich had engaged in fraud by recording the quitclaim deed and also committed malpractice in his handling of the insurance claim.

On July 17, 2015, a magistrate judge, presiding by consent, *see* 28 U.S.C. § 636(c),[1] dismissed the claims against Petrich as barred by the doctrine of claim preclusion. The magistrate judge reasoned that all of the claims in the current lawsuit were, or could have been, brought in the 2006 suit to quiet title, which was dismissed with prejudice after the parties settled.

Trzeciak moved for reconsideration, *see* FED. R. CIV. P. 59(e), asserting that the second suit arose from significantly different facts. The magistrate judge, exercising his continuing authority to rule on postjudgment motions arising from the underlying suit, *see Jones v. Ass'n of Flight Attendants-CWA*, 778 F.3d 571, 573 (7th Cir. 2015), denied the motion on August 6, 2015. Six days later Trzeciak moved to vacate the judgment, *see* FED. R. CIV. P. 60(b), because, he argued, Petrich had committed fraud and prevented him from fully asserting his rights in the state-court litigation. The magistrate judge concluded that Trzeciak did not identify any newly discovered evidence, change in the law, or legal error, and denied the motion on October 5. Two weeks later Trzeciak filed a notice of appeal.

We entered an order limiting this appeal to a review of the magistrate judge's October 5 order denying relief under Rule 60(b). We explained that Federal Rule of Appellate Procedure 4(a) requires that a notice of appeal in a civil case be filed within thirty days of entry of the judgment or order being appealed. In this case, judgment was entered on July 17, 2015, and the order denying Trzeciak's Rule 59 motion was issued on August 6, which started the time for filing a notice of appeal. *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515–16 (7th Cir. 2006). Trzeciak did not file his notice of appeal until October 19; nearly six weeks late. So Trzeciak's appeal is timely only as to the order of October 5, 2015, and we consider only whether the magistrate judge erred in denying the motion for relief from judgment based on Rule 60.

---

[1] A minute entry in the district court's docket explains that Trzeciak and Petrich orally consented to the magistrate judge conducting all proceedings. Section 636(c) and Federal Rule of Civil Procedure 73, which implements the statute, authorize magistrate judges to preside by consent in civil cases but contemplate that consent will be made in writing. Trzeciak does not suggest, however, that valid consent was not given, and we have held that oral consent will suffice if it is on the record, clear, and unambiguous. *Stevo v. Frasor*, 662 F.3d 880, 883 (7th Cir. 2011); *see Roell v. Withrow*, 538 U.S. 580, 587 (2003).

Trzeciak ignores this order. He asserts that the second suit arises from significantly different facts and thus, he says, claim preclusion should not bar it. But an appeal from the denial of a motion under Rule 60(b) does not allow us to address the propriety of the original judgment. *See Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n. 7 (1978); *Bell v. McAdory*, 820 F.3d 880, 883 (7th Cir. 2016). Trzeciak's disagreement with the magistrate judge's application of claim preclusion is not a valid ground for Rule 60(b) relief, and we see no reason to disturb the district court's exercise of discretion in denying Trzeciak's motion.

AFFIRMED.