In the

# United States Court of Appeals

## For the Seventh Circuit

No. 21-1491

LUIS H. JAQUEZ,

*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:16-MJ-50-MGG — **Michael G. Gotsch, Sr.**, *Magistrate Judge.*

ARGUED MAY 16, 2022 — DECIDED JUNE 6, 2022

Before EASTERBROOK, BRENNAN, and ST. EVE, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* During 2016 federal officials obtained three judicial orders to facilitate investigation of Luis Jaquez, suspected of distributing illegal drugs. One order authorized a wiretap on Jaquez's cell phone; the other two authorized a pen register. The wiretap gave federal officials access to conversations over the intercepted line; the pen register revealed only the numbers that Jaquez called or that called him. Federal officials disclosed some of this information to

state officials, who used it to prosecute and convict Jaquez for several offenses. He is serving a 36-year sentence. See *Jaquez v. State*, 2020 Ind. App. Unpub. LEXIS 34 (Jan. 17, 2020). He has not been prosecuted in federal court.

Seeking evidence that he might use to wage a collateral attack on his convictions, Jaquez filed in federal court a motion for copies of the applications, affidavits, and orders authorizing the pen register, plus equivalent documents for the wiretap. He asked the district court to "Unseal and Produce the Entire Case." The clerk of court referred this request to Magistrate Judge Gotsch, who issued the pen-register orders but not the wiretap warrant. Magistrate Judge Gotsch ordered some of the pen-register papers unsealed—apparently for Jaquez's eyes only—but denied the request to the extent that it sought additional information. Jaquez did not ask a district judge to review the magistrate judge's decision but did file a notice of appeal to this court, after waiting almost 60 days.

The parties disagree about whether we have jurisdiction to review this decision. Jaquez, now represented by counsel, says that the answer is no because the decision is not final for the purpose of 28 U.S.C. §1291, having been entered by a magistrate judge without review by a district judge. The United States contends that the answer is yes precisely because the time to seek review by a district judge expired long ago. The parties also have had some back-and-forth about whether Jaquez had to appeal within 14 days, the maximum allowed in criminal litigation. Jaquez has declined to dismiss his appeal under Fed. R. App. P. 42(b), because the parties have not agreed on costs—and, perhaps more important, because he wants us to direct the district court to reopen the time within which to seek a district judge's review of the magistrate

judge's decision. We therefore reject the proposal by the United States to treat Jaquez's brief as if it were a motion to dismiss. We need to decide on our own whether the appeal is properly here.

The first question is whether the appeal is timely, which depends in part on why the district court had subject-matter jurisdiction. If the motion for disclosure is a step in a criminal prosecution, perhaps resting on Fed. R. Crim. P. 16 or something similar, then 18 U.S.C. §3231 would have supplied jurisdiction to the district court—and Fed. R. App. P. 4(b)(1)(A) would have set a 14-day limit for appeal. But because Jaquez has not been prosecuted under federal criminal law, §3231 cannot furnish jurisdiction, and the 14-day limit for appeals in criminal cases does not govern. Jurisdiction must come from 28 U.S.C. §1331 (federal question) or §1346(b) (civil suits in which the United States is a defendant). The time limit for appeal thus is 60 days. Fed. R. App. P. 4(a)(1)(B)(i). Jaquez's appeal was filed within 60 days of Magistrate Judge Gotsch's order—but if that order is not a final decision of the district court, a vital condition for appeal under §1291 is missing.

Section 636 of Title 28 permits district courts to assign many procedural matters to magistrate judges. The reference here, if proper at all, rests on §636(b)(3), which permits the assignment of "such additional duties as are not inconsistent with the Constitution and laws of the United States." See *Gomez v. United States*, 490 U.S. 858 (1989) (discussing matters assignable under §636(b)(3)). Other subsections do not fit. The various subsections of §636(a) are irrelevant (for example, this is not the trial of a petty offense). Section 636(b)(1) covers assignments of pretrial matters, and Jaquez's request is not preliminary to a trial. Nor is it a posttrial matter within the scope

of §636(b)(2). The reference covers the whole suit, which sought the disclosure of information that had been gathered years earlier.

Reliance on §636(b)(3) creates an immediate snag, because it is not clear that the Northern District of Indiana has adopted a rule permitting the reference to magistrate judges of matters related to wiretaps. The clerk who sent Jaquez's request to Magistrate Judge Gotsch may have assumed that only the pen-register papers were at issue. Magistrate Judge Gotsch did not order disclosure of any wiretap information, but neither did he discuss his authority (if any) to rule at all on such a request.

Whether or not a magistrate judge can hear requests to unseal documents related to wiretaps, the norm for all matters referred to a magistrate judge under §636(b) is that a district judge must give the subject independent consideration before the decision becomes final. See, e.g., *United States v. Raddatz*, 447 U.S. 667 (1980); *Mathews v. Weber*, 423 U.S. 261 (1976). There are exceptions for pretrial discovery (which this is not) and situations in which the litigants have consented to the entry of final decision by a magistrate judge. 28 U.S.C. §636(c)(3). If all parties have so consented, then an appeal may be taken from a magistrate judge to the court of appeals; otherwise a final decision by a district judge is essential. See also Fed. R. Civ. P. 73(a).

Section 636(c)(3) does not authorize this appeal, for two reasons. First, it applies only when the district court as an institution has decided that a particular variety of case may be resolved by magistrate judges. 28 U.S.C. §636(c)(1). As we've mentioned, the Northern District of Indiana has not made such a decision for wiretap-related matters. Second, neither

Jaquez nor the United States consented under §636(c)(3) to the entry of final decision by a magistrate judge. It follows that Magistrate Judge Gotsch's decision is not appealable to the Seventh Circuit.

Not so fast!, the United States responds. True, there was not a proper reference under §636(c)(1). True, the parties did not consent under §636(c)(3). But still, the United States insists, this proceeding is over in the district court, so the decision must be "final" and appealable under §1291.

If that were so, then §636(c) would be effectively obliterated. Anyone dissatisfied by a magistrate judge's decision could appeal to the court of appeals simply by waiting until it was too late to ask the district judge for review, then filing an appeal. That can't work. The direct-appeal procedure requires consent by the district court (§636(c)(1)) and by all parties (§636(c)(3)), not just by one party who wants to bypass a district judge. We have dismissed appeals when even a single litigant has failed to consent. See, e.g., *Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017); *Mark I, Inc. v. Gruber*, 38 F.3d 369 (7th Cir. 1994). See also *Roell v. Withrow*, 538 U.S. 580 (2003) (discussing the requirements for a direct appeal from a magistrate judge's decision). If the position the United States takes in this case is right, then all of those decisions must be wrong.

The United States relies exclusively on *United States v. Meux*, 597 F.3d 835 (7th Cir. 2010). *Meux* deals with 28 U.S.C. §3008, part of the Federal Debt Collection Procedures Act. Section 3008 reads: "A district court of the United States may assign its duties in proceedings under this chapter to a United States magistrate judge to the extent not inconsistent with the Constitution and laws of the United States." *Meux* holds that

a magistrate judge's final decision under this section is appealable under §1291 because the district court's whole power has been delegated. The parties need not consent, and a district judge will never review the magistrate judge's decision.

We recognize that §3008 and §636 have some language in common, but their structure is fundamentally different. The norm under §636, as *Raddatz* and *Weber* explain, is review by a district judge—and skipping past the district judge in favor of appellate review requires compliance with §636(c). We could not treat §636 as if it were a clone of §3008 without tossing out the many distinctive features of §636.

Jaquez's appeal must be dismissed because the order was not entered by a district judge, and neither the district court nor the parties used the direct-appeal procedure allowed by §636(c). Because we lack appellate jurisdiction, we also lack authority to remand this proceeding to the district court or direct it to proceed in any particular way. All we can do, and all we do do, is dismiss this appeal for lack of jurisdiction.

The appeal is dismissed.