**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1036

CHERYL A. PAULEY, on behalf of deceased biological son Tavon Pauley, and others next-of-kin, interested, and similarly situated, and friend of this court, et al.,

Plaintiff - Appellant,

v.

BRIAN NORAN, Virginia Secretary of Public Safety, subordinates, subsidiaries, et al.; HAROLD W. CLARKE, VDOC's Director, Subordinates, Subsidiaries, et al.; DR. STEVE HERRICK, VDOC Offender Health Services Director, Subordinates, and medical units levels 1 to 6 subsidiaries, et al.,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Senior District Judge; Pamela Meade Sargent, Magistrate Judge.  (1:21-cv-00046-JPJ-PMS)

Submitted:  October 28, 2022                    Decided:  December 14, 2022

Before DIAZ and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Cheryl A. Pauley, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cheryl A. Pauley seeks to appeal the district court's orders dismissing without prejudice[1] her 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and denying her Fed. R. Civ. P. 59(e) motion, as well as the magistrate judge's order denying her postjudgment motion for a change of venue.[2] We affirm in part and dismiss in part.

As a threshold matter, we are required to inquire into our own jurisdiction, even if the parties do not dispute it. *Clarke v. Cartledge*, 829 F.3d 303, 305 (4th Cir. 2016). In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its dismissal order on November 22, 2021. Pauley filed the notice of appeal on January 10, 2022. Although Pauley filed postjudgment motions on December 27, 2021, more than 28 days after the entry of the underlying judgment, those motions did not toll the appeal period applicable to the underlying judgment. *See* Fed. R.

---

[1] The district court's dismissal order, which dismissed the complaint without prejudice but without leave to amend, is final and appealable. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (en banc) (published order).

[2] Insofar as Pauley addresses a letter she received from the district court before her civil proceedings commenced, that correspondence is not a "final decision" appealable to this court. *See* 28 U.S.C. § 1291.

2

App. P. 4(a)(4)(A) (iv), (vi); *Panhorst v. United States*, 241 F.3d 367, 370 (4th Cir. 2001).

We therefore lack jurisdiction over Pauley's appeal of the district court's dismissal order.

Pauley's appeal of the orders denying her postjudgment motions was timely. *See* Fed. R. App. P. 4(a)(1)(A), (4). Nevertheless, the magistrate judge's order denying Pauley's postjudgment motion for a change of venue was not a final order, as the parties did not consent to proceed before a magistrate judge under 28 U.S.C. § 636(c). *See Jaquez v. United States*, 36 F.4th 725, 727 (7th Cir. 2022); *Rajaratnam v. Moyer*, 47 F.3d 922, 924 & n.6 (7th Cir. 1995); *Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 811 (10th Cir. 1989). Thus, we also lack jurisdiction to consider Pauley's appeal of the magistrate judge's order denying a change of venue.

Turning to the district court's order denying Rule 59(e) relief, a motion for reconsideration that is filed more than 28 days after the underlying judgment generally should be treated as a Fed. R. Civ. P. 60(b) motion, even if it is labeled by the litigant as a Rule 59(e) motion. *See In re Burnley*, 988 F2.d 1, 3 (4th Cir. 1992) (per curiam); *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978). Nevertheless, even construing Pauley's motion as a Rule 60(b) motion, we conclude that the district court committed no reversible error in denying postjudgment relief.[3] *See Wells Fargo Bank, N.A. v. AMH Roman Two*

---

[3] Insofar as Pauley's motion could fairly be construed as seeking leave to amend the complaint, we conclude that request was properly denied. *See ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 218 (4th Cir. 2019) ("[A] district court does not abuse its discretion by declining to grant a request to amend when it is not properly made as a motion."); *see also In re Triangle Capital Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) ("[D]istrict courts are free to deny leave to amend as futile if the complaint fails to withstand [Fed. R. Civ. P.] 12(b)(6) scrutiny."); *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 678 (Continued)

*NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (describing requirements for Rule 60(b) relief);

*CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 400 (4th Cir. 1995) ("Rule

60(b) does not authorize a motion merely for reconsideration of a legal issue." (internal

quotation marks omitted)).

Accordingly, we dismiss the appeal in part, insofar as Pauley challenges the district

court's dismissal order and the magistrate judge's postjudgment order denying a change of

venue. We affirm in part, insofar as Pauley challenges the district court's order denying

Rule 59(e) relief. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before this court and argument would not aid the

decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

---

(2009) (describing Rule 12(b)(6) standard and explaining that vicarious liability does not apply to § 1983 actions); *Campbell v. Florian*, 972 F.3d 385, 398 (4th Cir. 2020) (describing requirements for supervisory liability under § 1983).