In the

# United States Court of Appeals
## For the Seventh Circuit

No. 22-2512

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JEFFERY T. HENSON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 20-cr-20049 — **Eric I. Long**, *Magistrate Judge.*

ARGUED NOVEMBER 8, 2023 — DECIDED FEBRUARY 6, 2025

Before ROVNER, JACKSON-AKIWUMI, and PRYOR, *Circuit Judges.*

PRYOR, *Circuit Judge.* Jeffery Henson owes thousands of dollars in restitution stemming from a federal fraud conviction. Seeking to satisfy this obligation, the government filed a motion to apply cash found in Henson's car toward his restitution. A magistrate judge granted the government's request. On appeal, Henson argues that this money was confiscated illegally and thus should be returned to him. We do not reach

the merits of this argument, however, because there is no final decision in this case, as the magistrate judge was acting outside of his authority. Therefore, we dismiss for lack of appellate jurisdiction.

## I.    BACKGROUND

Henson, using a stolen identity, was hired as the controller at a digital billboard company. During his employment, he improperly diverted nearly $330,000 into his personal bank account. He was arrested, charged, and later pleaded guilty to three counts, including aggravated identity theft, money laundering and wire fraud. At sentencing, Henson was ordered to pay $436,495.93—the amount he diverted plus investigation costs—in restitution to his former employer and its insurer.

After sentencing, the government turned its attention toward enforcing Henson's restitution obligation. It knew that, following Henson's arrest, Illinois police searched his car and discovered $17,390 in cash. So, the government filed a motion for turnover, *see* 735 ILCS 5/2-1402(c)(3)–(4), seeking to compel the Illinois police department that had been holding onto the money to turn it over to the district court.

Henson repeatedly insisted that the money should be returned to him rather than be applied to his restitution obligation.[1] In his view, the Illinois police obtained the money through an illegal search and seizure. For support, Henson

---

[1] (Dkt. 54, Motion; Dkt. 55, Letter; Dkt. 58, Response to Turnover; Dkt. 59, Response to Response; Dkt. 64, Letter; Dkt. 65, Letter; Dkt. 66, Letter; Dkt. 68, Motion; Dkt. 72, Letter; Dkt. 73, Sur-Reply; Dkt. 74, Letter).

argues that the warrant authorizing the search of his car was issued nine hours after the search took place.

Finding this irrelevant to the analysis of whether to grant the government's motion, a magistrate judge granted the request and ordered that the money be turned over to the district court. Nothing in the docket, however, reveals the basis for the magistrate judge's authority to issue this final decision. Notwithstanding, Henson appeals.

At oral argument, we questioned the parties on whether the magistrate judge had the authority to issue an appealable, final decision. We also ordered the parties to file supplemental briefing on jurisdiction, which they have now done.

## II.    ANALYSIS

The parties maintain that we have jurisdiction because there was an appealable, final decision. But their agreement does not make it so. We must independently assure ourselves of our jurisdiction in every case. *ITOFCA, Inc. v. MegaTrans Logistics, Inc.*, 235 F.3d 360, 363 (7th Cir. 2000).

We have jurisdiction to hear appeals of "final decisions of the district courts." 28 U.S.C. § 1291. Magistrate judges may issue final decisions only if authorized to do so. *See Jones v. Ass'n of Flight Attendants-CWA*, 778 F.3d 571, 574 (7th Cir. 2015); *Kalan v. City of St. Francis*, 274 F.3d 1150, 1152 (7th Cir. 2001).

"The Federal Magistrates Act, 28 U.S.C. § 636 [], defines the scope of the duties that United States magistrate judges are permitted to undertake." *United States v. Harden*, 758 F.3d 886, 888 (7th Cir. 2014). It authorizes three types of duties for magistrate judges, including (1) undertaking certain enumerated tasks without the parties' consent, such as entering a

sentence for a petty offense, or hearing and determining certain pretrial matters, 28 U.S.C. § 636(a)(4), (b)(1)(A); (2) performing other enumerated duties, such as presiding over misdemeanor trials, with the parties' consent, 28 U.S.C. § 636(a)(3), 18 U.S.C. § 3401(b); and (3) undertaking "such additional duties as are not inconsistent with the Constitution and laws of the United States," 28 U.S.C. § 636(b)(3). *Harden*, 758 F.3d at 888.

The Federal Magistrates Act also requires that each district court "establish rules pursuant to which the magistrate judges shall discharge their duties." 28 U.S.C. § 636(b)(4). The Central District of Illinois adopted a local rule to do exactly that. C.D. ILL. L.R. 72.1 (eff. Nov. 1, 2021–Nov. 30, 2022). Specifically, Local Rule 72.1 provides that "[a] magistrate judge in this district is authorized to perform all the duties in 28 U.S.C. § 636 and is designated to[]" perform nearly two dozen enumerated tasks. *Id*. It also includes a catch-all provision allowing a magistrate judge to "perform any additional duty that is not inconsistent with the Constitution and laws of the United States." C.D. ILL. L.R. 72.1(A)(22). Notably, the language of the catch-all provision is aligned with the language of § 636(b)(3)—the Federal Magistrates Act's "additional duties" provision—which allows the district court to assign a magistrate judge "such additional duties as are not inconsistent with the Constitution and laws of the United States."

The parties do not contend that § 636 authorized the magistrate judge to rule on the government's turnover motion. This is for good reason. The first and second categories of duties under § 636 are inapplicable, as a turnover motion is not a task enumerated in the statute; nor have the parties consented to the magistrate judge's jurisdiction.

Nor is the third category of duties applicable, which permits a magistrate judge to be assigned "such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). This "additional duties" provision has been understood as encompassing duties that are "'comparable' to those [duties]" that are actually listed in § 636. *Harden*, 758 F.3d at 888 (quoting *Peretz v. United States*, 501 U.S. 923, 931–33 (1991)). The parties do not contend, and we do not find, that ruling on turnover motions is a duty comparable to those enumerated in § 636.

The parties instead invoke 28 U.S.C. § 3008, an entirely different statute as the source of the magistrate judge's authority to issue the final decision on the turnover motion in this case. Section 3008 is part of the Federal Debt Collection Procedures Act (FDCPA), which "provides the exclusive civil procedures for the United States … to recover a judgment on a debt." 28 U.S.C. § 3001(a); *see also United States v. Kollintzas*, 501 F.3d 796, 801 (7th Cir. 2007).

Under the FDCPA, when the government attempts to recover a judgment on a debt in federal court, Section 3008 allows "[a] district court of the United States" to "assign its duties in proceedings" under the FDCPA "to a United States magistrate judge to the extent not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 3008. This section, we have said, delegates to the magistrate judge "the district court's whole power." *Jaquez v. United States*, 36 F.4th 725, 728 (7th Cir. 2022). As such, a decision by a magistrate judge under § 3008 would be immediately appealable to us. *Id*.

Whether a district court delegated its whole power to a magistrate judge under § 3008 depends on whether the

district court "assign[ed]" its duties to the magistrate judge, as the text of § 3008 requires. *United States v. Meux*, 597 F.3d 835, 837 (7th Cir. 2010) (found proper appellate jurisdiction under § 3008 because the district judge entered an order assigning all post-judgment proceedings to the magistrate judge). Here, the docket contains no express assignment by the district judge.

Acknowledging the absence in the record of an assignment, the parties ask us to infer that Local Rule 72.1(A)(22)—the catch-all provision that allows a magistrate judge to perform an "additional duty that is not inconsistent with the Constitution and laws of the United States"—automatically allows a magistrate judge to rule on turnover motions under § 3008, with no further action required by the district court. C.D. ILL. L.R. 72.1(A)(22). In other words, the parties ask us to infer that Local Rule 72.1(A)(22) contains an implicit and automatic assignment of turnover motions.

We are unable to infer such an assignment. *See Kalan*, 274 F.3d at 1153 ("We see no virtue in permitting our jurisdiction to depend on inferences where both the statute and common sense call for precision.") (internal quotation and citation omitted). Because Local Rule 72.1 implements § 636, its catch-all provision is cabined by that statute as well, and we have already established that § 636 is not the source of the magistrate judge's authority to rule on the turnover motion.

Local Rule 72.1(A)(22) also cannot reasonably be read as simultaneously implementing *both* § 636 and § 3008. Those two statutes are "fundamentally different," and to "treat § 636 as if it were a clone of § 3008" would "toss[] out the many distinctive features of § 636." *Jaquez*, 36 F.4th at 728. For example, "the norm for all matters referred to a magistrate judge

under § 636(b) is that a district judge must give the subject independent consideration before the decision becomes final." *Id.* at 727; *see also Rajaratnam v. Moyer*, 47 F.3d 922, 924 (7th Cir. 1995) (the "additional duties" provision of § 636 "does not permit the magistrate judge to enter a final decision appealable to [the Seventh Circuit]"). In contrast, a magistrate judge's decision under § 3008 is appealable immediately to us. *Jaquez*, 36 F.4th at 728.

Section 636's norm of district court review, rather than direct appeal to the Seventh Circuit, is embedded in the district court's local rules. The rule immediately following Local Rule 72.1 provides for district court review of magistrate judge orders and reports and recommendations. C.D. ILL. L.R. 72.2. To that end, we find the numbering and back-to-back placement of Local Rules 72.1 and 72.2 imply they are meant to work in tandem. *See United States v. Webber*, 536 F.3d 584, 593 (7th Cir. 2008) (the structure of a text illuminates its plain meaning). That the local rules envision district court review of a magistrate judge's decision, rather than appeal to the Seventh Circuit, confirms our conclusion that Local Rule 72.1's catch-all provision does not reach § 3008.

The parties' citations to cases from other circuits do not compel a different result. *See Ashker v. Newsom*, 968 F.3d 975, 984 (9th Cir. 2020); *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000); *United States v. Bryson*, 981 F.2d 720, 723 (4th Cir. 1992); *Maisonville v. F2 America, Inc.*, 902 F.2d 746, 748 (9th Cir. 1990). At most, these cases indicate that a district court's local rules may in some instances play a role in designating magistrate judges to perform certain duties. We have no doubt that is true. *See Hatcher v. Consol. City of Indianapolis*, 323 F.3d 513, 519 (7th Cir. 2003). But, these cases do not stand for

the proposition that a catch-all provision of a local rule suffices as an automatic assignment of turnover motions under § 3008 to magistrate judges.

Because the turnover motion in this case was not properly assigned to the magistrate judge, the order issued by the magistrate judge was not an appealable, final decision. *See Jones*, 778 F.3d at 574. As such, we lack appellate jurisdiction to rule on the motion.[2]

### III.    CONCLUSION

The appeal is DISMISSED.

---

[2] Henson argues the correct remedy would be to vacate the magistrate judge's order on the turnover motion. But "[a] purported final decision issued by a magistrate judge acting outside of his authority is a nullity." *Jones*, 778 F.3d at 574. Without a final judgment, the turnover motion "is still pending before the district court with a *de facto* recommendation from the magistrate judge." *Id*.